## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

JOHN S. BARTH,                          )
                                        )
               Plaintiff,            )
                                        )
v.                                      )    Docket No. 2:23-cv-00295-NT
                                        )
TOWN OF WATERBORO, et al.,              )
                                        )
             Defendants.             )

## ORDER ON PENDING MOTIONS

Before me now are eleven pending motions. Among them are: a motion to dismiss filed by Defendants Town of Waterboro and Gary Lamb and Defendants Jonathan Brogan, Samuel Johnson, Aaron Baltes, and Norman, Hanson & DeTroy, LLC (ECF No. 5); a motion to dismiss filed by Defendant State of Maine (ECF No. 10); a motion to dismiss filed by Defendants Wayne Douglas, Andrew W. Mead, Ellen A. Gorman, Joseph M. Jabar, Andrew M. Horton, and Catherine R. Conners (ECF No. 22); and a motion to dismiss filed by Defendant Paul Miller (ECF No. 34). For the reasons that follow, the motions to dismiss are **GRANTED**.

## BACKGROUND

In this action, Plaintiff John Barth, acting pro se, is suing the Town of Waterboro and Gary Lamb (together, the "**Town Defendants**"); Paul Miller, Marilyn Miller, United Obligations LLC, and ARM LLC (collectively, the "**Assignee Defendants**"); Jonathan Brogan, Samuel Johnson, Aaron Baltes, and Norman, Hanson & DeTroy, LLC (collectively, the "**Law Firm Defendants**"); the State of

Maine; six named judges of the state court system (Wayne Douglas, Andrew W. Mead, Ellen A. Gorman, Joseph M. Jabar, Andrew M. Horton, and Catherine R. Conners) (collectively, the "**Judicial Defendants**"); and twenty John and Jane Does. Compl. of Racketeering, Perjury, Abuse of Public Office, and Denial of Civil Rights ("**Compl.**") (ECF No. 1). The Complaint sprawls across 42 pages, and Barth filed additional attachments consisting of seven appendices and four "Memos of Law" totaling another 389 pages. Additional Attachs. (ECF Nos. 16–18). His claims boil down to issues he allegedly encountered while trying to develop two properties he owned in York County.

First, Barth alleges that the Town Defendants obstructed completion of a home Barth was building on an island in Waterboro by refusing him building permits and variances, and that Defendant Lamb abused his public office as town manager and conspired with others to deny Barth of his rights. Compl. ¶¶ 2–3. Following the Rule 80B process set forth in the Maine Rules of Civil Procedure, he appealed the matter in state court in both the Superior Court and on appeal to the Law Court. Compl. ¶ 7. He lost. *See* Defs. Town of Waterboro, Gary Lamb, Jonathan Brogan, Samuel Johnson, Aaron Baltes, and Norman, Hanson, & DeTroy, LLC's Mot. to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) ("**Town & Law Firm Defs.' Mot. to Dismiss**"), Exs. A–C (ECF Nos. 5-1–5-3).[1] Second, he alleges that the Assignee Defendants, with the assistance of the Law Firm Defendants, caused a false lien to be recorded against

---

[1]      In deciding the motions to dismiss, I may take judicial notice of "the various state decisions of public record giving rise to [Barth's] claims[s]." *See San Geronimo Caribe Project, Inc. v. Acevedo-Vila*, 687 F.3d 465, 471 (1st Cir. 2012).

a school property in Springvale that he was selling and initiated a lawsuit that Barth claims was based on perjury. Compl. ¶¶ 8–36. Barth again litigated the dispute in state court, including up to the Law Court. Compl. ¶¶ 114–122. Again, he lost. *See* Town & Law Firm Defs.' Mot. to Dismiss, Exs. F–G.

Barth's extensive history in litigating these issues is not confined to the state courts. In 2021, Barth also filed two suits in this Court. *See Barth v. Town of Waterboro, et al.*, 2:21-cv-00027-DBH; *Barth v. Town of Waterboro, et al.*, 2:21-cv-00127-DBH. On June 24, 2021, Judge Hornby issued an order granting the motions to dismiss filed by the Town Defendants and their lawyers (two of the Law Firm Defendants named here). *Barth v. Town of Waterboro*, No. 2:21-cv-127-DBH, 2021 WL 2601038 (D. Me. June 24, 2021). On appeal, the First Circuit affirmed Judge Hornby's decision. *Barth v. Town of Waterboro*, No. 21-1513 (1st Cir. Oct. 24, 2022).

## DISCUSSION

### I.    The Town and Law Firm Defendants' Motion to Dismiss

For the same reasons that Judge Hornby dismissed Barth's action in 2021, I am granting the Town Defendants and Law Firm Defendants' motion to dismiss. As Judge Hornby already found, "Barth sued these two [Town Defendants] over the same issues in state court and lost there, both at the Superior Court level and in the Law Court. *Barth v. Town of Waterboro*, 2021 WL 2601038, at *1.

"It is black letter law that collateral estoppel can apply to preclude the relitigation in federal court of issues previously determined in state court." *Nottingham Partners v. Trans-Lux Corp.*, 925 F.2d 29, 32 (1st Cir. 1991). To

determine whether previous state court litigation results in such preclusion, the federal court must look to state law. *Id.* "Under Maine law, issue preclusion 'prevents the reopening in a second action of an issue of fact actually litigated and decided in an earlier case.'" *Pollack v. Reg'l Sch. Unit 75*, 886 F.3d 75, 84 (1st Cir. 2018) (quoting *Town of North Berwick v. Jones*, 534 A.2d 667, 669–70 (Me. 1987)). Such relitigation is barred if: "(1) the same parties, or their privies, are involved in both actions, (2) a valid final judgment was entered in the first action, and (3) the matters presented for decision [in the second action] were, or might have been, litigated in the prior action." *Wong v. Smith*, 961 F.2d 1018, 1019 (1st Cir. 1992) (internal quotation marks omitted). Because all three of these requirements were met, Barth may not use the federal court to relitigate his claims against the Town Defendants.[2]

Barth's claims against the Law Firm Defendants also may not proceed. Res judicata bars his claims against Attorney Brogan and Attorney Johnson because this Court previously decided that Barth failed to state a claim against them. *Barth v. Town of Waterboro*, 2021 WL 2601038, at *1. Specifically, Judge Hornby held that the attorneys owed no duty to Barth, that Barth could not bring a criminal prosecution in his civil lawsuit, that Barth could not bring his asserted constitutional claims because the attorneys were not government actors, and that Barth had not made out a cause of action under any of the civil rights statutes. *Id.* Thus, res judicata precludes

---

[2]     The fact that Barth asserts federal constitutional claims does not change this conclusion. Barth also alleged in state court that the Town Defendants violated his federal and state constitutional rights, and he lost. *See* Town & Law Firm Defs.' Mot. to Dismiss, Ex. B (ECF No. 5-2) and Ex. C (ECF No. 5-3). And Judge Hornby already held that Barth "may not proceed against the Town of Waterboro and Gary Lamb in federal court on these claims" either. *Barth v. Town of Waterboro*, No. 2:21-cv-127-DBH, 2021 WL 2601038, at *1 (D. Me. June 24, 2021).

those claims against Attorney Brogan and Attorney Johnson and their law firm privies now.

Further, the final judgment in one of the state court litigations prevents Barth's additional claims against Attorney Brogan, Attorney Baltes, and the remaining Law Firm Defendants. Barth brought the same racketeering, fraud, and perjury claims there in his suit against those Law Firm Defendants and the Assignee Defendants. *See* Town & Law Firm Defs.' Mot. to Dismiss, Ex. F (ECF No. 5-6). The state court dismissed the claims against the Law Firm Defendants with prejudice. "[A] dismissal with prejudice 'operate[s] as an adjudication on the merits.' " *Day v. Grey*, No. 2:17-cv-00286-JAW, 2019 WL 404971, at *5 (D. Me. Jan. 31, 2019) (quoting *Johnson v. Samson Const. Corp.*, 1997 ME 220, ¶ 8 n.3, 704 A.2d 866), *aff'd,* No. 19-1140, 2019 WL 11028983 (1st Cir. Oct. 28, 2019). Accordingly, the doctrine of res judicata again applies to preclude all of Barth's claims against the Law Firm Defendants. The Town and Law Firm Defendants' motion to dismiss is granted.

## II.    The State of Maine's and Judicial Defendants' Motions to Dismiss

Barth's claims against the State of Maine and the Judicial Defendants who work as judges in the state court system also fail. First, as to Barth's claims against the State, those claims are barred by sovereign immunity. "States and their agencies are entitled to sovereign immunity 'regardless of the relief sought.' " *Poirier v. Mass. Dep't of Corr.*, 558 F.3d 92, 97 (1st Cir. 2009) (quoting *Kentucky v. Graham,* 473 U.S. 159, 167 n.14 (1985)). Because the State is immune from Barth's claims, I lack subject matter jurisdiction over those claims, and they must be dismissed under Rule 12(b)(1)

of the Federal Rules of Civil Procedure. *See Valentin v. Hosp. Bella Vista*, 254 F.3d 358, 362–63 (1st Cir. 2001). The State's motion to dismiss is therefore granted.

Barth's claims against the Judicial Defendants fare no better. Barth takes issue with several decisions reached by Justice Douglas, the Superior Court justice hearing his island property and lien-related cases. And he names the members of the Law Court who upheld the Douglas decisions on appeal. In other words, he disagrees with the state court decisions and has come to federal court in search of a different outcome. But such federal review is barred by the *Rooker-Feldman* doctrine.

> The doctrine prevents losing litigants "from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights," as only the Supreme Court has jurisdiction to review the decision of a state court in civil litigation.

*Efreom v. McKee*, 46 F.4th 9, 17 (1st Cir. 2022), *cert. denied,* 143 S. Ct. 576 (2023) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 287 (2005)). Thus, "whenever parties who lost in state court seek review and rejection of that judgment in federal court," *Rooker-Feldman* precludes federal jurisdiction. *Miller v. Nichols*, 586 F.3d 53, 59 (1st Cir. 2009) (internal quotation marks omitted). That is exactly what Barth is doing here. Accordingly, the Judicial Defendants' motion to dismiss for lack of subject matter jurisdiction is granted.

## III.   Paul Miller's Motion to Dismiss

Barth also brings claims against the Assignee Defendants relating to what he alleges are fraudulent liens and lawsuits that they filed against the school property Barth was trying to sell for development. Defendant Miller is one of those Assignee

Defendants[3] and has filed a motion to dismiss, arguing that the federal complaint "asserts claims Mr. Barth knows have been finally adjudicated and are therefore barred." Mot. to Dismiss & Mot. for Sanctions (ECF No. 34). Miller's motion essentially piggybacks on the Law Firm Defendants' motion, which makes sense because the four Assignee Defendants were named in the same state court case as Attorney Brogan, Attorney Baltes, and their law firm. However, unlike the claims against those Law Firm Defendants, which were dismissed with prejudice and thus the state court decisions constitute final judgments, the state court dismissed the claims against the Assignee Defendants "without prejudice." Town & Law Firm Defs.' Mot. to Dismiss, Ex. F.

The Superior Court's order of dismissal suggests that the claims against the Assignee Defendants were dismissed because the court had earlier concluded that Barth lacked standing to assert those claims because he was not the titled owner of the school property at issue. *See* Town & Law Firm Defs.' Mot. to Dismiss, Ex. F; *see also* Compl. ¶ 33 ("The Plaintiff was forced to transfer title to the School property from The Lenox School back to himself to ensure standing . . . ."). Rule 41(b) of the Maine Rules of Civil Procedure explains the effect of an involuntary dismissal:

> *Effect*. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision (b) and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper

---

[3]      It is not clear that Barth has effectuated proper service of the summons and complaint on the remaining Assignee Defendants—Marilyn Miller, United Obligations LLC, and ARM LLC. The Proof of Service he filed (ECF No. 32) reveals that only Paul Miller was served in hand by a sheriff's deputy. The claims against the other Assignee Defendants are identical to the claims against Paul Miller so for purposes of this Order, my decision regarding Paul Miller's motion to dismiss applies equally to the claims against the remaining Assignee Defendants, whether they have been served or not.

> venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

Me. R. Civ. P. 41(b)(3). Here, the state Superior Court "otherwise specifie[d]" that its dismissal of the claims against the Assignee Defendants were without prejudice and thus the dismissal does *not* operate as an adjudication upon the merits for res judicata purposes.

That said, Barth alleges that in late August of 2021, the Springvale District Court entered an order granting Barth's motion for summary judgment against the Assignee Defendants and ordering Miller "to remove the false lien and UCC filing." Compl. ¶ 36; *see also* Compl. ¶ 36 ("District Court 'certifying final judgment' dismisses action without damages . . . ."); Opp'n to Def. Miller Mot. to Dismiss/Sanction (ECF No. 36-1) (arguing that Miller "faked up a motion to . . . dismiss this essential action for compensation of the extensive damages that they deliberately caused to the Plaintiff and the School property by Miller's prior perjury of a lien on the property, *already judged to be a false lien by the Springvale District Court*" (emphasis added)). That order is not part of the record before me. But accepting Barth's allegation as true, as I must do on a motion to dismiss, there is a strong suggestion that the state court's summary judgment order already adjudicated on the merits his claims against the Assignee Defendants.

To the extent any of Barth's claims here were not litigated in state court to a final adjudication on the merits, they still fail. Barth invokes several statutes as "violations of law" in his case: 18 U.S.C. § 371 (conspiracy to commit offense against or defraud the United States); 18 U.S.C. § 981 (forfeiture to the United States of

property obtained from crimes); 18 U.S.C. § 1341 (mail fraud); 31 U.S.C. § 3729 (false claims made to the U.S government); and 17-A M.R.S. § 451 (perjury). These are federal and state criminal statutes. They do not give rise to a civil action for damages, and Barth, as a private citizen, cannot bring a civil action to prosecute an alleged crime. *See Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989).

Barth also invokes the Racketeer Influenced and Corrupt Organizations ("**RICO**") Act, 18 U.S.C. §§ 1961–1968, which does permit someone injured by a RICO violation to bring a private civil action.[4] Even construing Barth's complaint liberally because he is a pro se plaintiff, Barth fails to allege facts sufficient to establish the elements required to state a civil RICO claim.

As to Barth's claims under the Maine Human Rights Act, that statute is Maine's anti-discrimination law and it prohibits discrimination on the basis of protected class in employment, housing, places of public accommodation, education, and extension of credit. *See* 5 M.R.S. §§ 4551–4634. I can divine no allegations in Barth's complaint that would support any anti-discrimination claim. Nor is there any claim stated under the federal and state civil rights acts for violations of Barth's constitutional rights. The one reference in Count I (the count pertaining to the Assignee Defendants) to any sort of constitutional violation is in Barth's allegation

---

[4]     RICO provides a private, civil cause of action to "any person injured in his business or property by reason of a violation of section 1962." 18 U.S.C. § 1964(c). "To establish civil liability for violation of § 1962(c), a plaintiff therefore must prove not only the necessary elements of RICO and the predicate acts, but also an injury to business or property by reason of the defendant's conduct." *Veilleux v. Elec. Me., LLC*, No. 1:16-cv-571-NT, 2017 WL 5490838, at *6 (D. Me. Nov. 15, 2017). "To meet this standard, a plaintiff must show that defendant's violation 'not only was a "but for" cause of his injury, but was the proximate cause as well.' " *Id.* (quoting *Holmes v. Sec. Investor Prot. Corp.*, 503 U.S. 258, 268 (1992)).

9

that he was denied due process concerning the lien. *See* Compl. xi. But the denial-of-due-process allegation is directed only at the Judicial Defendants, not the Assignee Defendants. Barth therefore fails to state a cognizable claim against the Assignee Defendants and Defendant Paul Miller's motion to dismiss is granted.[5]

## IV.   Motions for Sanctions

Finally, the Town and Law Firm Defendants and Defendant Paul Miller have all requested that I impose Rule 11 sanctions against Barth because he filed the complaint to harass them and his claims are frivolous, vexatious, and meritless. Defs. Town of Waterboro, Gary Lamb, Jonathan Brogan, Samuel Johnson, Aaron Baltes, and Norman, Hanson & DeTroy, LLC's Mot. for Sanctions (ECF No. 6); Mot. to Dismiss & Mot. for Sanctions.

Rule 11 states that, by presenting a pleading to the court, "an attorney or unrepresented party" is certifying that the document "is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation" and that the claims "are warranted by existing law." Fed. R. Civ. P. 11(b). If a party violates that rule, the court may impose an appropriate sanction on the violating party. Fed. R. Civ. P. 11(c).

Barth's complaint here comes close to warranting sanctions, but "[t]here is a strong presumption against imposing sanctions for invoking the processes of law."

---

[5]     On January 7, 2024, Barth filed a motion for leave to amend his complaint (ECF No. 40). "Where a complaint as amended could not survive a motion to dismiss, then the motion to amend is to be denied as futile." *Marcello v. Maine*, 468 F. Supp. 2d 221, 223–24 (D. Me. 2007), *objections to R.&R. overruled* by 2007 WL 397128. I have concluded that all of Barth's claims must be dismissed for various reasons. Nothing in the proposed amended complaint would change any of these conclusions, and therefore amendment would be futile and Barth's motion is denied.

*Lefebvre v. Comm'r*, 830 F.2d 417, 420 (1st Cir. 1987). Therefore, I am going to follow the path of deterrence started against Barth in 2021 when Judge Hornby issued a cautionary order pursuant to *Cok v. Family Court*, 985 F.2d 32 (1st Cir. 1993), warning Barth that filing restrictions may be in the offing if he continued to engage in pursuing these claims through groundless, inappropriate, and scandalous filings. *Barth*, 2021 WL 2601038, at *2. Barth did not heed Judge Hornby's *Cok* warning so the time has come to restrict Barth's ability to file in this Court. A separate *Cok* order will issue enjoining Barth from further federal filings without prior leave of Court.

## CONCLUSION

For the reasons stated above, the Court **GRANTS** the Town and Law Firm Defendants' motion to dismiss (ECF No. 5), the State of Maine's motion to dismiss (ECF No. 10), the Judicial Defendants' motion to dismiss (ECF No. 22), and Miller's motion to dismiss the claims against the Assignee Defendants (ECF No. 34). The Court **DENIES** Barth's motion for leave to amend his complaint and **DENIES** the motions for monetary sanctions (ECF Nos. 6, 34). The remaining motions (ECF Nos. 24, 25, 37, 38, 45) are now **MOOT**.


SO ORDERED.

/s/ Nancy Torresen
United States District Judge

Dated this 2nd day of February, 2024.